IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUSTIN CARLTON, | : |
| | : |
| Plaintiff, | : Civil Action Number: |
| | : |
| vs. | : |
| | : |
| | : Jury Trial Demanded |
| RETAIL CONSTRUCTION SPECIALIST, INC., DEREK GRAHAM, and HOJABR NIAKAN, | : |
| | : |
| Defendants. | : |

COMPLAINT

Plaintiff, Justin Carlton ("Plaintiff") by and through the undersigned counsel, brings this complaint against Defendants Retail Construction Specialist, Inc. ("RCS, Inc."), Derek Graham ("Graham"), and Hojabr Niakan ("Niakan") and pleads as follows:

INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover overtime pay that was denied him; (2) an additional amount as liquidated damages; and (3) for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Retail Construction Specialist, Inc., is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Henry County, Georgia.

5.

RCS, Inc. employed Plaintiff Justin Carlton as a superintendent and laborer in and around Atlanta, Georgia; New York, New York; Houston, Texas; San Francisco, California; and Philadelphia, Pennsylvania from December 2007 until November 2011.

6.

At all times relevant to this suit, Plaintiff has been an "employee" of RCS, Inc. as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about August 2009 until November 2011, Plaintiff has been "engaged in commerce" as an employee of Defendant RCS, Inc. as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From on or about August 2009 until November 2011, Plaintiff has been engaged in the "production of goods for commerce" as an employee of Defendant RCS, Inc., as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Defendant RCS, Inc., is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Defendant RCS, Inc. has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about August 2009 until November 2011, Defendant RCS, Inc. was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2009, Defendant RCS, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2010, Defendant RCS, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Defendant RCS, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2009, Defendant RCS, Inc. had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2010, Defendant RCS, Inc. had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, Defendant RCS, Inc. had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2009, Defendant RCS, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2010, Defendant RCS, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, Defendant RCS, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2009, Defendant RCS, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

22.

During 2010, Defendant RCS, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

23.

During 2011, Defendant RCS, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, Defendant RCS, Inc. has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

25.

Defendant RCS, Inc. is subject to the personal jurisdiction of this Court.

26.

Defendant RCS, Inc. may be served with process through its Registered Agent, Ben Company at 1371 Powers Ferry Road, Marietta, Georgia 30067.

27.

Defendant Graham resides within Henry County, Georgia.

28.

At all times material hereto, Defendant Graham exercised operational control over the work activities of Plaintiff.

29.

At all times material hereto, Defendant Graham was involved in the day to day operation of the RCS, Inc. in which Plaintiff worked.

30.

At all times material hereto, Defendant RCS, Inc. vested Defendant Graham with supervisory authority over Plaintiff.

31.

At all times material hereto, Defendant Graham exercised supervisory authority over Plaintiff.

32.

At all times material hereto, Defendant Graham scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

33.

At all times material hereto, Defendant Graham exercised authority and supervision over Plaintiff's compensation.

34.

At all times material hereto, Defendant Graham has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

35.

Defendant Graham is subject to the personal jurisdiction of this Court.

36.

Defendant Niakan resides within Gwinnett County, Georgia.

37.

At all times material hereto, Defendant Niakan exercised operational control over the work activities of Plaintiff.

38.

At all times material hereto, Defendant Niakan was involved in the day to day operation of the RCS, Inc. in which Plaintiff worked.

39.

At all times material hereto, Defendant RCS, Inc. vested Defendant Niakan with supervisory authority over Plaintiff.

40.

At all times material hereto, Defendant Niakan exercised supervisory authority over Plaintiff.

41.

At all times material hereto, Defendant Niakan scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

42.

At all times material hereto, Defendant Niakan exercised authority and supervision over Plaintiff's compensation.

43.

At all times material hereto, Defendant Niakan has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

44.

Defendant Niakan is subject to the personal jurisdiction of this Court.

45.

At all times relevant to this suit and while an employee of Defendant RCS, Inc., Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

46.

RCS, Inc. paid Plaintiff on an hourly basis in the three years prior to the filing of this action.

47.

RCS, Inc. did not pay Plaintiff on a salary basis in the three years prior to the filing of this action.

48.

At times relevant to this suit, Defendant RCS, Inc., Defendant misclassified Plaintiff as a contractor.

49.

At all times relevant to this suit and while an employee of Defendant RCS, Inc., Plaintiff was not exempt from the payment of an overtime premium pursuant to the FLSA.

50.

At all times relevant to this suit and while an employee of Defendant RCS, Inc., Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

51.

At all times relevant to this suit and while an employee of Defendant RCS, Inc., Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

52.

At all times relevant to this suit and while an employee of Defendant RCS, Inc., Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

53.

At all times relevant to this suit and while an employee of Defendant RCS, Inc., Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

54.

At some point during the three years prior to the filing of this action, Plaintiff performed work on behalf of Defendants in an airport located in New York, New York.

55.

At some point during the three years prior to the filing of this action, Plaintiff performed work on behalf of Defendants in an airport located in Houston, Texas.

56.

At some point during the three years prior to the filing of this action, Plaintiff performed work on behalf of Defendants in an airport located in San Francisco, California.

57.

At some point during the three years prior to the filing of this action, Plaintiff performed work on behalf of Defendants in an airport located in Philadelphia, Pennsylvania.

**COUNT I — FAILURE TO PAY OVERTME**

58.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

59.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

60.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

61.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from August 2009 through November 2011.

62.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from August 2009 through November 2011.

63.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

65.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                  *DELONG CALDWELL BRIDGERS*
                                  *& FITZPATRICK, LLC*

|  |  |
|---|---|
|  | */S/CHARLES R. BRIDGERS* |
| 3100 CENTENNIAL TOWER | CHARLES R. BRIDGERS |
| 101 MARIETTA STREET | GA. BAR NO. 080791 |
| ATLANTA, GEORGIA 30303 |  |
| (404) 979-3171 | */S/ KEVIN D. FITZPATRICK, JR.* |
| (404) 979-3170 (f) | KEVIN D. FITZPATRICK, JR. |
| kevin.fitzpatrick@dcbflegal.com | GA. BAR NO. 262375 |
| charlesbridgers@dcbflegal.com |  |
|  | COUNSEL FOR PLAINTIFF |