RECEIVED IN CLERK'S OFFICE
U.S.D.C. A...

OCT 0 9 2012

JAMES N. HATTEN, Clerk
By: [signature]

# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between RETAIL CONSTRUCTION SPECIALISTS, INC. (the "Company") and JUSTIN CARLTON ("Mr. Carlton").

## RECITALS

WHEREAS, Mr. Carlton has filed a civil action against the Company,

WHEREAS, the Company denies any violations of law and denies any liability to Mr. Carlton, but wishes to avoid further legal fees and expenses of litigation, and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a confidential manner that will avoid the need for further litigation,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

**1. Consideration.** The Company agrees to pay Mr. Carlton the total sum of THREE THOUSAND EIGHT HUNDRED AND EIGHTY DOLLARS and EIGHTY-THREE CENTS ($3,880.83) in consideration for Mr. Carlton's compliance with his obligations under this Agreement (the "Settlement Amount"). The Settlement Amount shall be payable as follows: the sum of $2,000 upon the Court's approval of this Agreement, the sum of $500 on or before November 15, 2012, the sum of $500 on or before December 15, 2012, the sum of $500 on or before January 15, 2013 and the balance of $380.83 on or before February 15, 2013. A 1099 tax form will be issued to Mr. Carlton for the Settlement Amount. Mr. Carlton agrees to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by him.

Mr. Carlton acknowledges that, but for the execution of this Agreement, he would not be entitled to receive this Consideration or other consideration provided for in this Agreement. Mr. Carlton further agrees that the consideration stated herein fully compensates him for any and all alleged back wages, overtime wages, liquidated damages, benefits or any other form of compensation, damages, his attorneys' fees, and costs, and that he neither seeks nor is entitled to any further

_____
Justin Carlton's Initials

wages, pay, overtime, benefits or any other form of compensation or relief and the Company is making this payment to eliminate any possible dispute or doubt that he has been paid fully and completely. The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

2. **Dismissal of Lawsuit.** Mr. Carlton is the plaintiff in a case styled *Justin Carlton v. Retail Construction Specialists, Inc., Derek Graham and Hojabr Niakan*, 1:12-CV-03029 ("Lawsuit"), which is pending in the United States District Court for the Northern District of Georgia. By executing this Agreement, Mr. Carlton and his counsel agree to the dismissal of the Lawsuit with prejudice. Mr. Carlton shall promptly execute such documents or appear in court as necessary to obtain an immediate dismissal with prejudice of the Lawsuit after this Court's approval of this Agreement.

3. **Full and Complete Release.** In consideration for this Agreement, Mr. Carlton hereby settles, waives, releases and discharges all claims whatsoever against the Company, Derek Graham and Hojabr Niakan and the other parties released (identified in paragraph 4 below) with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Mr. Carlton may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed. Such claims that are hereby released include by way of example, but not limitation, all claims:

    a.    arising from Mr. Carlton's employment with and separation from the Company;

    b.    based on discrimination, retaliation or harassment on the basis of age, race, religion, sex or disability under the Civil Rights Act of 1866, the Age Discrimination in Employment Act of 1967 (as amended), Title VII of the Civil Rights Act of 1964 (as amended), the Equal Pay Act, the Employee Retirement and Income Security Act of 1974 (as amended), the Americans with Disabilities Act of 1990, the Family and Medical Leave Act, or any other federal, state or local anti-discrimination laws or common laws relating to discrimination in employment or otherwise regulating the employment relationship, or affecting the health or safety of employees in the workplace;

_____
Justin Carlton's Initials

2

c.   based on any oral, written or implied contract, tort, promissory estoppel, or public policy; and

d.   arising under the Fair Labor Standards Act of 1934 or relating to any wages, pay, back pay, overtime, benefits or any other form of compensation, attorneys' fees (except those provided in Paragraph 1 above), interest or costs, including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

This Agreement does not release any right or claim which may arise after the date of this Agreement nor does it extend to vested benefits, if any.

Mr. Carlton further agrees not to sue or to authorize anyone else to file a lawsuit on his behalf against the Company (or any of the other released parties) on any claims released herein. Mr. Carlton further agrees not to become a member of any class suing the Company (or the other parties released) on any claims released herein. Mr. Carlton is not prohibited from challenging the validity of this Agreement.

**4. Parties Released.** Mr. Carlton acknowledges that this Agreement and the release provision in Paragraph 3 above apply to and protect in all respects the Company and each of the Company's past, current and future parent companies, affiliates, related companies, successors and assigns, officers, directors, agents, and employees of any such entity, including but not limited to Derek Graham and Hojabr Niakan.

**5. Modification.** No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Mr. Carlton and an authorized representative of the Company. This Agreement constitutes a single, integrated written agreement containing the entire understanding between Mr. Carlton and the Company regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

_____
Justin Carlton's Initials

3

**6. Non-Admissions.** This Agreement does not constitute an admission by any party to the Lawsuit that they have violated any law or statute and all parties specifically deny any such violation occurred.

**7. Acknowledgment.** By signing this Agreement, Mr. Carlton acknowledges and warrants that:

    a.    Mr. Carlton has carefully read and fully understands every provision of this Agreement, including, without limitation, the confidentiality clause in Paragraph 6 above, the release of all claims listed in Paragraph 3 above and Mr. Carlton' agreement to file a stipulation of dismissal with prejudice in the Lawsuit referenced in Paragraph 2 above;

    b.    Mr. Carlton consulted with an attorney of his choosing before signing this Agreement;

    c.    Mr. Carlton had a reasonable amount of time after receiving this Agreement to consider the Agreement and consult an attorney before signing; and

    d.    Mr. Carlton accepts this Agreement knowingly and voluntarily, and he was not intimidated, coerced or pressured.

**8. Representations.** Mr. Carlton represents and warrants that he is fully authorized to execute this Agreement and that he has not assigned, transferred or pledged all or any portion of the claims hereby released.

**9. Agreement Executed In Counterparts And By E-Mail/Facsimile.** This Agreement may be executed in one or more counterparts each of which when so executed shall be deemed an original and all such counterparts together shall constitute but one and the same instrument, and shall be fully effective as if signed by all parties whether or not the signatures of all the parties appear on the original or any one copy of the Agreement. Signatures transmitted or delivered by email of facsimile shall be acceptable and shall have the same force and effect as if containing an original signature.

                                                                                                   */s/*                
                                                                          Justin Carlton's Initials

MR. CARLTON DECLARES THAT HE HAS CAREFULLY READ THIS AGREEMENT, CONSULTED AN ATTORNEY, UNDERSTANDS THIS AGREEMENT, AND EXECUTES THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

_____
Justin Carlton

10-9-2012
Date

**AND**

_____
An Authorized Representative of
Retail Construction Specialist, Inc.

10-9-2012
Date

_____
Justin Carlton's Initials

5